989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Droshaun LASHPELLA and Freddy Pressley, Appellants,
v.
C.E.R.T. Team, C/O Huff, C/O Jones, C/O Kerlach, C/O
Scheider, C/O Helmich, and C/O Lambert, Appellees.
 No. 92-2690.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 19, 1993.
Filed: March 29, 1993.
 
 Before FAGG, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Droshaun LaShpella and Freddy Pressley allege that members of the Correctional Emergency Response Team (CERT) used excessive force when trying to restore order in the prison and violated their Eighth Amendment right to be free of cruel and unusual punishment. The district court dismissed the appellants' claim and entered judgment for the appellees. On appeal, this court reversed the district court, vacated the judgment, and remanded for further proceedings in light of Hudson v. McMillian, 112 S. Ct. 995 (1992). Upon remand, the district court considered Hudson and again entered judgment in favor of the appellees. We affirm.
 
 
 2
 In excessive force claims, "the core judicial inquiry is that set out in Whitley [v. Albers, 474 U.S. 312 (1986) ]: whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 112 S. Ct. at 999. The extent of the injury inflicted is not dispositive, but is only a relevant factor to be considered among the other factors: the need for force; the relationship between the need and the amount of force defendants used; the threat reasonably perceived by responsible officials; and efforts made to temper the severity of a forceful response. Id. (discussing Whitley ). The district court carefully considered each of these factors in its analysis and specifically found that the force was applied in a good faith effort to restore order. Therefore, the district court concluded that appellants had failed to establish an Eighth Amendment claim. We review the factual findings of the district court for clear error only. Burgin v. Iowa Dep't of Corrections, 923 F.2d 637, 639 (8th Cir. 1991) (citing Fed. R. Civ. P. 52(a)). We agree with the district court's findings and find no clear error. Nor do we find any error of law in the district judge's analysis. Accordingly, we affirm the district court. See 8th Cir. R. 47B.